NAM: USAO 2015R00099

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JW GJH 17cr498 |
| NELY RIDER, | * | (Wire Fraud, 18 U.S.C. § 1343; |
| | * | Forfeiture, 18 U.S.C. § 981, |
| Defendant | * | 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNTS ONE THROUGH SEVEN
(Wire Fraud)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

### Introduction

1. Defendant **NELY RIDER** ("**RIDER**") was a resident of Maryland.

2. **RIDER** maintained a bank account at Bank of America in Maryland with an account number ending in 1936 ("**RIDER's** BOA 1936 Account").

3. **RIDER** maintained a bank account at BB&T Bank in Maryland with an account number ending in 4031 ("**RIDER's** BB&T 4031 Account").

4. Victim A was a resident of Maryland and Texas.

5. Victim B was a resident of Maryland

6. Victim C was a resident of Virginia.

7. Victim D was a resident of California.

8. Victim D maintained a bank account with Sandia Laboratories Federal Credit Union ("Victim D's Sandia Account").

## The Scheme to Defraud

9. From in or about December 2009 through in or about May 2014, in the District of Maryland and elsewhere, **RIDER** knowingly and willfully devised and intended to devise a scheme and artifice to defraud Victims A through D and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, with intent to defraud and knowledge of the scheme's fraudulent nature ("the scheme to defraud").

## Manner and Means of the Scheme to Defraud

The manner and means of committing the scheme to defraud included, among others, the following:

10. **RIDER** falsely told Victim A, Victim B, and others that there was an individual located in Mexico named "Patricia" who was in danger. **RIDER** falsely stated that "Patricia" needed assistance to travel to the United States. **RIDER**, with the intent to defraud, asked Victim A, Victim B, and others for money to help "Patricia." **RIDER** falsely stated that once "Patricia" was safely in the United States, "Patricia" would have access to money to repay the loans.

11. Based on **RIDER's** false representations, Victim A and Victim B told Victim C and Victim D that "Patricia" needed financial assistance. At various times, **RIDER** also spoke directly with Victim D about "Patricia" needing financial assistance.

12. Based on **RIDER's** false representations, Victims A through D gave money to **RIDER**, either directly or indirectly, through wire transfers, teller transfers, check deposits, and cash deposits. The financial transactions were transmitted by means of wire communication, in interstate and foreign commerce.

2

13. **RIDER** used the money obtained from Victims A through D for her personal use at casinos and elsewhere.

## The Charge

14. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

**NELY RIDER,**

for the purpose of executing and attempting to execute the scheme to defraud, did knowingly and willfully cause to be transmitted by means of wire communication, in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, relating to the following:

| COUNT | DATE | VICTIM | DESCRIPTION |
|---|---|---|---|
| 1 | November 9, 2012 | Victim B | Caused to be deposited $6,200 cash by Victim B from a banking center located in Maryland, into **RIDER's** BOA 1936 Account in Maryland, which caused wire communications with computers located in Virginia and Texas. |
| 2 | November 27, 2012 | Victim C | Caused to be deposited $6,300 cash by Victim C from a banking center located in North Carolina, into **RIDER's** BOA 1936 Account in Maryland. |
| 3 | January 2, 2013 | Victim A | Caused to be deposited $1,700 cash by Victim A from a banking center located in Texas, into **RIDER's** BOA 1936 Account in Maryland. |
| 4 | July 10, 2013 | Victim A | Caused to be deposited $1,600 cash by Victim A from a banking center located in Texas, into **RIDER's** BOA 1936 Account in Maryland. |
| 5 | August 27, 2013 | Victim D | Caused to be deposited a $15,000 cashier's check from Victim D's Sandia Account in California, into **RIDER's** BOA 1936 Account in Maryland. |

| COUNT | DATE | VICTIM | DESCRIPTION |
|---|---|---|---|
| 6 | September 17, 2013 | Victim D | Caused to be transmitted $20,000 via wire transfer from Victim D's Sandia Account in California, into **RIDER's** BOA 1936 Account in Maryland. |
| 7 | April 24, 2014 | Victim B | Caused to be deposited $900 cash by Victim B from a banking center located in Maryland, into **RIDER's** BB&T 4031 Account in Maryland, which caused wire communications with computers located in North Carolina, Texas and Colorado. |

18 U.S.C. § 1343

# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One through Seven of this Indictment.

2. As a result of the offenses set forth in Counts One through Seven, the defendant,

**NELY RIDER,**

shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to such violations. The property to be forfeited includes, but is not limited to the following: $1,285,545.01, more or less, in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate constitutes proceeds obtained, directly or indirectly, as a result of such violations.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Stephen M. Schenning /NAM*
Stephen M. Schenning
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: September 25, 2017